**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

v.  Criminal Action No. 2:14-cr-45

**ARTHUR WOODROW PRITT, JR.,**
      **Defendant.**

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Arthur Woodrow Pritt, Jr., in person and by counsel, Scott Shough, appeared before me on February 10, 2015. The Government appeared by Assistant United States Attorney Stephen Warner. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court inquired of Defendant whether he was a citizen of the United States. Defendant responded that he is a citizen. The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked if the agreement was the sole agreement offered to Defendant. Counsel for Defendant responded that a prior agreement had been offered to Defendant, and that the instant agreement was more favorable to Defendant. Counsel

for Defendant proffered that he had reviewed both agreements with Defendant. The Court asked counsel for the Government to summarize the written plea agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written plea agreement filed and found the requirements of Missouri v. Frye, 132 S. Ct. 1399 (2012), to be satisfied.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Arthur Woodrow Pritt, Jr., only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count One of the Indictment and the elements the Government would have to prove, charging him with conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(D). The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count One was imprisonment for a term of not more than five (5) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of at least two (2) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

Ct. Do you understand that under 18 U.S.C. § 3742, you have a right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals, provided you give notice of intent to appeal within 14 days of sentencing?

Def. Yes, Your Honor.

Ct.   Do you understand that under 28 U.S.C. § 2255, and other statutes, you may have what we call a right to file a motion–writ of habeas corpus type motion–collaterally attacking and challenging your sentence and how it was calculated or being carried out?

Def.  Yes, Your Honor.

Ct.   Do you understand that if the District Judge's actual sentence is the same as or equal to a Guideline offense sentence which is at a level 15 after all adjustments are made, or lower, you give up your right to appeal that actual sentence and you give up your right to collaterally attack or challenge that actual sentence?

Def.  I have a question right there, Your Honor. Um, so we're going to argue obstruction at sentencing. If I go in there at a level of 15 because of my acceptance of responsibility, and I get a 2-level enhancement for the obstruction, does that mean that I keep my appellate rights?

Ct.   I'm going to refer you to Mr. Shough and I thought I covered that with Mr. Warner.

Govt. Yes, Your Honor.

Ct.   Mr. Shough, does that paragraph mean once all adjustments, including the judge's decision on whether there's been obstruction, if, after all those adjustments are made, your client is still at a level 15 under the Guidelines, he gives up his rights to appeal and he gives up his rights to collaterally attack?

Mr. Shough.  That's correct.

Ct.   Is that your understanding, Mr. Pritt?

Def.  Yes, it is, Your Honor.

Ct.   And that's your understanding also, Mr. Warner?

Govt. Yes, it is.

Ct. Did you intend to give up those rights as we just described?

Def. If I'm a level 15 or less, Yes, Your Honor.

Ct. What's that?

Def. Yes, Your Honor.

Ct. Now, the only thing you're reserving to yourself, Mr. Pritt, is after today, you find out there's been some prosecutorial misconduct by Mr. Warner's office or if you found that there was some ineffective assistance of counsel that you didn't know about before today, then you can raise that. Do you understand that?

Def. Yes, Your Honor.

Ct. Do you know of any ineffective assistance of counsel as you sit here today?

Def. No, Your Honor.

Ct. Do you know of any prosecutorial misconduct as you sit here today?

Def. No, Your Honor.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it

contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count One of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised,

and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant also admitted to the forfeiture allegation contained in the Indictment, and stipulated that the amount of proceeds obtained from his offense of conviction was $110,600.00. Defendant further agreed to the entry of a forfeiture personal money judgment in that amount.

The parties agreed that the Government would provide a proffer to provide an independent basis in fact for Defendant's plea. The Government proffered that between December 2008 and July 2009, the Harrison Country Drug Task Force made four (4) controlled purchases of marijuana from Defendant. On August 22, 2014, Defendant traveled from Florida to the home of a confidential informant ("CI") in Randolph County, West Virginia, within the Northern District of West Virginia. Officers conducting surveillance observed Defendant take $3,400.00 out of a cooler and replace it with a quantity of marijuana. Two days later, officers observed defendant driving north on U.S. Route 219, also in the Northern District of West Virginia. Defendant pulled over in a driveway, and the officers approached. Defendant indicated that he had two (2) sealed packages of marijuana in a duffle bag in the back seat. The packages together contained approximately 3.5 pounds of

marijuana. Defendant indicated that he had received high-grade marijuana from a source in California and mid-grade marijuana from a source in Pittsburgh. Subsequently, the Government obtained a criminal complaint against Defendant, and Defendant was arrested at his home in Florida. A quantity of marijuana was seized from that residence upon Defendant's arrest.

Defendant stated he heard, understood, and did not disagree with the Government's proffer. The undersigned United States Magistrate Judge concludes the offense charged in Count One of the Indictment are supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the Government's proffer.

Thereupon, Defendant, Arthur Woodrow Pritt, Jr., with the consent of his counsel, Scott Shough, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count One of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count One of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed for Count One; Defendant made a knowing and voluntary plea of guilty to Count One of the Indictment; and Defendant's plea is independently supported by the Government's proffer which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count One of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant, through counsel, requested that the Court release him from custody pending further proceedings in this matter. Counsel proffered that Defendant would reside in Clarksburg, West Virginia, with his wife and children; that Defendant had employment in Clarksburg; and that Defendant had been very cooperative with government officials. The Government opposed Defendant's request and asserted mandatory detention pursuant to 18 U.S.C. § 3143(a). Given that Defendant has not demonstrated a substantial likelihood that a motion for acquittal will be granted or that he will not receive a sentence of imprisonment, Defendant's request for release is **DENIED**, and Defendant is **REMANDED** to the custody of the United States Marshal Service pending further proceedings in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.

1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 12th day of February, 2015.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE